# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION



**ARTHUR E. BURNEY JR, BENEFICIARY**

    Plaintiff,

vs.

                                                      1:23cv283TBM-RPM

ALLEN AUTOMOTIVE INC,
TOYOTA MOTOR CREDIT CORPORATION,
TOYOTA AUTO FINANCE RECEIVABLES LLC,
TOYOTA AUTO RECEIVABLES
2019-D OWNER TRUST,
BARCLAY, RBC CAPITAL, SMBC
NIKKO & ANZ BANK,
U.S. BANK NATIONAL ASSOCIATION.

    Defendants.

---

## PLAINTIFF'S ORIGINAL PETITION/COMPLAINT

COMES NOW, Plaintiff, Arthur E. Burney Jr, the spiritual living soul, god man and subduer of his flesh and security of his person (ARTHUR E. BURNEY JR, BENEFICIARY), a credible individual of lawful age and who is competent to handle his affairs. All other entities are incompetent to manage any of my affairs, and are hereby fired. Am complaining of the above named defendants, and in support thereof would show the Court:

# I. INTRODUCTION

1. This case by Plaintiff, once a consumer debtor of Allen Automotive Inc, brings this action for 1) unjust enrichment; 2) violation of the Fair Credit Extension Uniformity Act ("FCEUA"); 3) violation of the Fair Debt Collection Practices Act ("FDCPA"); 4) Negligent and Intentional Infliction of Emotional Distress; 5) Racketeering; 6) Declaratory Judgment; and 8) Equitable and Injunctive relief.

2. At least since September 20, 2018, the Defendants have engaged in a scheme whereby they issue Auto Loans to consumers and then seek to collect the amounts allegedly due to them which are not legally due to them.

# II.PARTIES

3. Plaintiff will need to propound discovery on Defendants to obtain further information to determine the securitization parties involved in the instant transaction. Allen Automotive Inc, is a corporation, and in this specific Securitization Scenario, Allen Automotive Inc, would sell and transfer the contract to Toyota Motor Credit Corporation, after a balance is created. Toyota Motor Credit Corporation, then sells the account to Toyota Auto Finance Receivables LLC, who created the holding/issuing entity Toyota Auto Receivables 2019-D Owner Trust, and deposited the contract/loan agreement into Toyota Auto Receivables 2019-D Owner Trust. Toyota Auto Receivables 2019-D Owner Trust (holding/issuing entity) securitizes and transfers the securities certificates back to Toyota Auto Finance Receivables LLC, who then sells the security certificates to Barclay, RBC Capital, SMBC Nikko & Anz Bank. Barclay, RBC Capital, SMBC Nikko & Anz Bank then sell the certificates to the investors while simultaneously collecting offering proceeds from the investors. After the offering proceeds (investor funds) are collected by Barclay, RBC Capital, SMBC Nikko & Anz Bank, aforesaid proceeds are then transferred to Toyota Motor Credit Corporation, Who services individuals loans and aggregates collection. Toyota Motor Credit Corporation then transfers the borrowers funds to the trustee, U.S. Bank National Association who then holds the loan and uses the borrowers funds as a return on the investments from the aforesaid investors. This is all delineated in **EXHIBIT**

    A. Toyota Motor Credit Corporation, is the Servicer of Plaintiff's Note and has attempted to collect on the alleged debt.

4. Plaintiff continues to suffer monetary damages as a result of defendants' unlawful and improper conduct including, but not limited to, making payments to defendants and or incurring other costs related to the defense of defendant's improper efforts to collect relinquished debts from Plaintiff and the class.

### III. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under FDCPA, 15 U.S.C. § 1692k (d), FCEUA, 73 P S §22709 28 U S C §1331 (federal question) and §1367(a) (supplemental jurisdiction), Racketeering influenced and corrupt Organizations Act 18 section 1962 (hereinafter referred to as RICO). Venue is appropriate in this federal district, pursuant to 28 U.S.C. § 1391, because events and omissions giving rise to Plaintiff's claims occurred within this federal judicial district and because Defendants reside and/or regularly transact business within this federal judicial district.

### IV. THE AUTO LOAN SECURITIZATION AND DEBT COLLECTION SCHEME

6. At all times relevant hereto, Toyota Motor Credit Corporation primary revenues came from interest income on loan receivables, securitization income derived from the transfer of auto loan receivables, securitization trusts, and subsequent issuance of beneficial interests through securitization transactions (hereinafter referred to as "the securitization").

7. In order to earn securitization income from the Auto Loan securitization, Toyota Motor Credit Corporation sold its Auto Loan receivables to the Toyota Auto Receivables 2019-D Owner Trust.

8. The Auto Loan securitization process is set forth in the amended and restated Pooling and Servicing Agreement ("PSA") between Toyota Motor Credit Corporation, as seller, and the U.S. Bank National Association trustee. A copy of

the relevant portions of the PSA is attached hereto, incorporated herein and marked as **EXHIBIT B** is attached.

## VI. COUNT ONE – UNJUST ENRICHMENT

1. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

2. Pursuant to the Pooling and Servicing Agreement, Allen Automotive Inc, surrendered its right to collect by lawsuit on the obligation of the Auto Loan account. As set forth in **EXHIBIT B**, by way of the Plaintiff's said payments to Allen Automotive Inc, benefits were conferred on Toyota Motor Credit Corporation. After Plaintiff's account was securitized, Allen Automotive Inc continued accepting payments.

3. Allen Automotive Inc accepted, appreciated and has retained such benefits. Under such circumstances described above, it would be inequitable for Allen Automotive Inc, to retain such benefits without payment of value. The conduct of Allen Automotive Inc, was done willfully and in reckless disregard for the rights of Plaintiff thereby making the award of punitive damages just and appropriate.

4. WHEREFORE, Plaintiff, ARTHUR E. BURNEY JR, BENEFICIARY demands compensatory and punitive damages against Allen Automotive Inc, and the other defendants, both jointly and severally, in an amount in excess of $500,000.00, plus court costs, counsel fees, and such other relief as this.

## VII. COUNT TWO - VIOLATION OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA), 73, P.S. §§ 2270.1 - 2210.6 AGAINST ALLEN AUTOMOTIVE INC,

5. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

6. The alleged Auto Loan account obligation was a debt within the meaning of the FCEUA, 73 P.S. § 2270.3 Because he was allegedly obligated to pay the Auto

Loan account debt, Plaintiff is a "consumer" within the meaning of the FCEUA 73 P.S. § 2270.3 Because the Auto Loan account debt was alleged to be owed to it, Allen Automotive Inc, is a "creditor" within the meaning of the FCEUA 73 P S § 2270.3.

7. Allen Automotive Inc, violated the FCEUA by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt. FCEUA 73 P.S. § 2270.3

8. Allen Automotive Inc, violated the FCEUA by falsely representing the character, amount, and/or legal status of a debt. 73 P.S. § 2270.4(b)(5)(ii). Allen Automotive Inc, violated the FCEUA by attempting to collect an amount (including interest, fees, and charges) not expressly authorized by any agreement creating the debt or permitted by law. 73 P.S. § 2270.4(b)(6)(I).

9. Actual damages, including but not limited to $100,000.00 costs and attorney's fees to defend the collection matter;
   (b)   Treble damages;
   (e)   Costs and reasonable attorney fees; and
   (d)   Such other and further relief may be just and proper.

## VIII. COUNT THREE - VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §§ 1692 -1692p, AGAINST ALL DEFENDANTS

10. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

11. Each Allen Automotive Inc, account obligation was a "debt" within the meaning of FDCPA, 15U.S.C. § 1692a (5). Because they were allegedly obligated to pay the Allen Automotive Inc, account obligation, Plaintiff was a "consumer" within the meaning of FDCPA, 15 U S C § 1692a (3). Toyota Motor Credit Corporation bought or was assigned Allen Automotive Inc, debt. Since Allen Automotive Inc, no longer owned the securitized debt it had previously written off, there was nothing for , to sell or to be assigned.

12. Each of said defendants, at times relevant hereto, was a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Based on said activity or activities, each of said Defendants was a debt collector within the meaning of FDCPA, 15 U.S.C. § 1692.

## IX. COUNT FOUR – INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

13. Plaintiff and the Class incorporate by reference the foregoing paragraphs as though fully set forth herein.

14. Pursuant to the PSA, Allen Automotive Inc, surrendered its right to collect on the obligation of the Plaintiff when Toyota Motor Credit Corporation, accepted, appreciated, and retained such benefits of selling the note to DEPOSITOR (DOE 2), which in turn sold the note to the Toyota Auto Receivables 2019-D Owner Trust.

15. This collection scheme caused the Plaintiff emotional distress. The conduct of Allen Automotive Inc, was done negligently AND/OR intentionally and in disregard for the rights of Plaintiff thereby making the award of punitive damages just and appropriate.

16. WHEREFORE, Plaintiff demands compensatory and punitive damages against Allen Automotive Inc, and the other defendants, both jointly and severally, in an amount in excess of:
    a. $150,000.00, plus court costs, counsel fees and such other relief as this Honorable Court deems appropriate.

## X. COUNT FIVE - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS 18 USC section 1962

17. Plaintiff incorporates and adopts the foregoing paragraphs of the complaint

18. Plaintiff is a natural person and as such a person is within the meaning of 18 USC section 1963(3)

19. Defendants-are corporate entities and as such are persons within the meaning of 18 USC section 1961(3)

## THE ENTERPRISE

20. Allen Automotive Inc, Toyota Motor Credit Corporation, and the Toyota Auto Receivables 2019-D Owner Trust comprise three distinct groups of people that together form an enterprise within the meaning of 18 USC section 1961(4). Each and every individual is associated with the enterprise.

21. The enterprise for more than five years has been engaged in activities that affect interstate commerce and remains continuous and open ended.

## PATTERN OF RACKETEERING AND MAIL FRAUD

22. Defendants have devised a scheme to defraud and obtain money by means of fraudulent pretenses by selling or assigning a debt that they no longer owned to the Toyota Auto Receivables 2019-D Owner Trust and then misrepresenting its ownership of the debt while still collecting on such debts in its own name without actual ownership.

23. Defendants have engaged In at least two acts of racketeering activity in interstate commerce through a pattern of racketeering activity including but not limited to mail fraud and bank fraud in violation of 18 USC section 1341, 1343 and 1344 to support a fraudulent scheme.

## XII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Arthur E. Burney Jr, Agent, in Pro per, respectfully requests this Court, after jury trial on the merits, award damages as requested above, and for such other relief as Plaintiff may show himself entitled.

Bona Fide,

*[signature]*

Arthur E. Burney Jr, Agent, in Pro per
13287 Hudson Krohn Rd.
Biloxi, MS 39532
(228) 547.4131